# CIRCUIT COURT OF FAIRFAX COUNTY

Ann E. Khilji

v.

Tahir Khilji

July 1, 1999

Case No. (Chancery) 156243

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter came before me on Mr. Khilji's Motion to Dismiss the Child Custody Petition for Lack of Jurisdiction. For the reasons stated below, the Motion is denied.

Tahir Khilji and Ann E. Zahra (who went by the name of Ann E. Khilji during the marriage) were wed on March 31, 1989, in Pakistan. During their marriage, they had one son, Khaqan Ali. Mr. Khilji moved to the United States in 1992 to attend a university. His wife and son joined him in this country in July 1995, and they all resided in Maryland. In late 1996 or early 1997, Mr. Khilji returned to Pakistan for four or five months to work on his thesis, while his wife and son remained in Maryland. Shortly after his return in April 1997, marital difficulties arose. Ms. Zahra and Khaqan left Maryland to visit her relatives in northern Virginia ostensibly for the weekend and thereafter did not return to Maryland. Mr. Khilji filed a petition for divorce on July 14, 1997, and a petition for custody on September 30, 1997, in Lahore, Pakistan. Ms. Zahra initiated her proceeding for custody in Juvenile and Domestic Relations District Court of Fairfax County on October 7, 1997. That petition was dismissed for lack of subject matter jurisdiction on July 8, 1998, and this appeal was taken to the Circuit Court. Ms. Zahra has filed no answers on the merits of the pending custody proceeding in Pakistan. The pleadings filed on her behalf have been in the appellate proceedings only, addressing the issue of that country's jurisdiction.

Child custody jurisdiction is governed by the Uniform Child Custody Jurisdiction Act ("UCCJA"). Under the UCCJA, Virginia courts may retain jurisdiction under § 20-126 of the Code of Virginia. However, the Commonwealth must decline jurisdiction under Va. Code § 20-129 and may decline jurisdiction under Va. Code § 20-130 or Va. Code § 20-131. The general policies of the UCCJA extend to the international arena under § 20-146 of the Code of Virginia.

The Commonwealth retains jurisdiction over this child custody dispute under Va. Code § 20-126, which states:

> A. A court of this Commonwealth which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
>
> 1. This Commonwealth (i) is the home state of the child at the time of commencement of the proceeding ... [or]
>
> 2. It is in the best interest of the child that a court of this Commonwealth assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this Commonwealth, and (ii) there is available in this Commonwealth substantial evidence concerning the child's present or future care, protection, training, and personal relationships ... .

Under Va. Code § 20-126(A)(1), the Commonwealth is the home state of Khaqan. "Home state" is defined in Va. Code § 20-126 as "the state in which the child immediately preceding the time involved lived with his parents, a parent, [or] a person acting as parent, for at least six consecutive months ... ." On April 6, 1997, both Ms. Zahra and Khaqan moved from Maryland to Virginia. On October 7, six months after the move to Virginia, Ms. Zahra filed for custody of her son in the Juvenile and Domestic Relations Court of Fairfax County, thus fulfilling the six-month requirement.

In addition, this court retains jurisdiction under Va. Code § 20-126(A)(2). Both Khaqan and Ms. Zahra have significant connections with Virginia; they have lived in the Commonwealth since April 1997; they have formed religious affiliations in the Commonwealth; they have family and friends in the Commonwealth; Ms. Zahra owns property in the Commonwealth; and Khaqan has been educated for two years in the Commonwealth. Similarly, these connections provide "substantial evidence" concerning the child's present and future care, protection, training, and personal relationships because the child's teachers, friends, and religious mentors are here.

Although the Commonwealth may retain jurisdiction under Va. Code § 20-126, the Commonwealth must decline jurisdiction under Va. Code § 20-129 when there is a simultaneous preceding in another state. Va. Code § 20-129 states:

A. A court of this Commonwealth shall not exercise its jurisdiction under this chapter if at the time of filing the petition a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with this chapter, unless the proceeding is stayed by the court of the other state because this Commonwealth is a more appropriate forum or for other reasons.

Mr. Khilji filed a petition for custody in the Guardian and Wards Court in Pakistan on September 30, 1997, eight days before Ms. Zahra filed her petition in the Fairfax County Juvenile and Domestic Relations Court. Mr. Khilji's petition in the Guardian and Wards Court was later dismissed for lack of jurisdiction. This decision was upheld in the Pakistan district court. The Lahore High Court, however, reversed this decision and remanded the petition to the Guardian and Wards Court for an evidentiary hearing. The Supreme Court of Pakistan stayed the remand. As of this date, there is no pending petition in Pakistan. Therefore, Va. Code § 20-129 is inapplicable at this time. If, however, the stay is lifted and a Pakistan court determines that it has jurisdiction to determine child custody, I will stay this proceeding until I communicate with the appropriate Pakistani court as required under § 20-129(c) of the Code of Virginia.

The Commonwealth may decline jurisdiction if it is an inconvenient forum under Va. Code § 20-130. In determining if it is in the interests of the child that another state assume jurisdiction, the court should take into account the following factors:

1. If another state is or recently was the child's home state;

2. If another state has a closer connection with the child and his family or with the child and one or more of the contestants;

3. If substantial evidence concerning the child's present or future care, protection, training, and personal relationship is more readily available in another state; and

4. If the parties have agreed on another forum which is no less appropriate.

*Id.* The Commonwealth is not an inconvenient forum under § 20-130 of the Code of Virginia. Khaqan has lived in the United States since 1995, and in the Commonwealth since 1997; therefore Pakistan was not recently the child's home state. Similarly, most of the evidence of the child's current well-being is located in Virginia. In regard to "closer ties," it is clear that Khilji has ties to Pakistan. Khilji was born and raised there for the early portions of his life, and Pakistan continues to have a strong cultural influence on his life. In addition, Khilji has numerous family members in Pakistan. On balance, however, Khaqan does not have closer connections to Pakistan than he does to the United States. Khaqan has spent the last four years of his life in the United States, with the last two years spent in Virginia. Khaqan has numerous family members in Virginia. Furthermore, his school, friends, and religious institutions have been located in the Commonwealth for the last two years.

Finally, this court may also decline jurisdiction under Va. Code § 20-131 if one of the parties has wrongfully taken the child from another state or has engaged in similar reprehensible conduct and the court finds it just and proper to decline jurisdiction. I have grave concerns over Ms. Zahra's conduct in making Khaqan unavailable to Mr. Khilji. I do not find, however, that she wrongfully took the child or has engaged in similar reprehensible conduct. Ms. Zahra's conduct will be a factor at the child custody proceeding but is not an issue for purposes of determining jurisdiction under § 20-131 of the Code of Virginia. Ms. Zahra alleges she took Khaqan for two reasons: first, because she feared Mr. Khilji was abusive, and second, because she had nowhere else to go. I find that Ms. Zahra's explanation of fear of abuse is unfounded. However, I find that she moved to northern Virginia because it was the only place reasonably available to her when she separated from Mr. Khilji. Furthermore, I find that Khaqan's location was within Mr. Khilji's reasonable determination. Mr. Khilji spoke with his wife during or shortly after their separation weekend. Ms. Zahra and Khaqan lived with a relative known and seen by Mr. Khilji. Within months of the separation, Mr. Khilji received, through a relative, school documents with Khaqan's address. I am unpersuaded that Khaqan's whereabouts could not have been reasonably ascertained by Mr. Khilji.

In conclusion, the Court retains jurisdiction over this child custody dispute under Va. Code § 20-126 and does not decline jurisdiction under either Va. Code § 20-130 or Va. Code § 20-131. At this time, Va. Code § 20-129 is inapplicable because there is no pending petition in Pakistan. If a petition in Pakistan proceeds, I will stay the child custody determination until I communicate with the appropriate Pakistani court as required under § 20-129 of the Code of Virginia. I do not address the possibility of Mr. Khilji's consent

to jurisdiction in the Juvenile and Domestic Relations Court because I have found that this court already retains jurisdiction under the UCCJA. For the above reasons, Mr. Khilji's Motion to Dismiss the Child Custody Petition for Lack of Jurisdiction is denied. Ms. Zahra's Motion for Attorney's Fees is also denied.